# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

VERNON REEVES,  Civil Action No. 1:20-cv-579

    Plaintiff,  Cole, J.
                                                             Bowman, M.J
    vs.

METRO BUS HEADQUARTERS,

    Defendant.

## MEMORANDUM ORDER

This civil action is now before the Court on Defendant Southwest Ohio Regional Transit Authority's (improperly named as Metro Bus Headquarters) (hereinafter referred to as "SORTA") motion to require Plaintiff to provide a more definite statement with respect to his Complaint. (Doc. 14). Plaintiff did not respond to the motion.

Federal Rule of Civil Procedure 12(e) provides that the Court may require a more definite statement if a pleading is "so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) is to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998 (2002).

Here, SORTA contends that Plaintiff's Pro Se Complaint contains only three sentences of factual allegations. (Doc. 1, PageID# 3). Namely, Plaintiff alleges that in July 2020:

1) A Route 4 bus driver asked Plaintiff to move to the back of the bus even though he is handicapped and uses a walker;

2) Plaintiff submitted a written complaint to Metro; and

3) The "woman bus driver is still working for Metro and is a threat to discriminate against other handicap (sic) people."

(Id.)

Plaintiff requests "$100,000,000 paid in full by wage garnishment…." (Id. at PageID# 4).

SORTA argues that these allegations are so vague and lacking in factual content that SORTA is unable to determine which claim(s) Plaintiff is asserting or against whom the claim(s) are asserted. As such, SORTA asks the Court for an Order requiring Plaintiff to provide more specificity with regard to his cause(s) of action. SORTA's request is well-taken. *See e.g. Aaron v. Novartis Pharm. Corp.*, No. 1:12cv00203, 2013 U.S. Dist. LEXIS 101197 (W.D. Ky. July 19, 2013) (granting defendant's 12(e) motion where the complaint did not "identify or separate out [the plaintiff's] causes of action in any discernible way").  Here, Plaintiff's Complaint is so ambiguous that Defendant cannot reasonably be required to frame a responsive pleading.

Accordingly, Defendant's Motion for a More Definite Statement (Doc. 14) is **GRANTED**. Plaintiff must more clearly plead all legal causes of action that he is claiming against SORTA which would entitle him to claim damages. For each cause of action, Plaintiff must set out facts outlining the dates of all wrongful acts for which he seeks compensation and the entities or individuals committing such wrongful acts. Plaintiff shall either file a More Definite Statement or an Amended Complaint in

compliance with this Order within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff's failure to comply with this order may result in a Report and Recommendation to the District Judge that Plaintiff's complaint be dismissed for lack of prosecution

    **IT IS SO ORDERED**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge
