# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

VERNON REEVES,

    Plaintiff,

vs.

METRO BUS HEADQUARTERS,

    Defendant.

Civil Action No. 1:20-cv-579

Cole, J.
Bowman, M.J

## REPORT AND RECOMMENDATION

This civil action is now before the Court on Defendant Southwest Ohio Regional Transit Authority (improperly named as Metro Bus Headquarters) (hereinafter referred to as "SORTA") renewed motion for a more definite statement, or in the alternative, motion to dismiss for failure to follow Court Order. (Doc. 19). Plaintiff did not respond to the motion.

On April 13, 2021, The Court granted SORTA's initial motion for a more definite statement, and Ordered as follows:

> Plaintiff must more clearly plead all legal causes of action that he is claiming against SORTA which would entitle him to claim damages. For each cause of action, Plaintiff must set out facts outlining the dates of all wrongful acts for which he seeks compensation and the entities or individuals committing such wrongful acts. Plaintiff shall either file a More Definite Statement or an Amended Complaint in compliance with this Order within FOURTEEN (14) DAYS of the date of this Order. Plaintiff's failure to comply with this order may result in a Report and Recommendation to the District Judge that Plaintiff's complaint be dismissed for lack of prosecution.

(Doc. 17).

Plaintiff timely responded to the Order, however, Plaintiff's response failed to clearly plead all legal causes of action against SORTA and failed to set out facts outlining

the dates of all wrongful acts for which he seeks compensation, as mandated by the Court's Order.  (Doc. 18).

Thereafter, SORTA filed a renewed motion a more definite statement, or in the alternative, dismiss this action for Plaintiff's failure to follow the Court's Order. (Doc. 19). SORTA argues that Plaintiff's allegations remain vague and lacking in factual content, such that SORTA is unable to determine the grounds upon which Plaintiff's claim(s) rest or against whom the claim(s) are asserted.  Plaintiff did not file a response to the motion.

Upon careful review, the undersigned finds dismissal is warranted.  Pursuant to Federal Rule of Civil Procedure 41(b), a dismissal for failure to prosecute or comply with a court order "operates as an adjudication on the merits unless the court, in its order for dismissal, otherwise specifies." Thus, under Civ. R. 41(b), involuntary dismissal of a plaintiff's action with prejudice is appropriate where the plaintiff has failed to comply with a court order or to otherwise prosecute his action. *See Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Here, Plaintiff was put on notice that his failure to comply with the Court's Order granting SORTA's motion for a more definite statement may result in a Report and Recommendation that this matter be discussed for lack of prosecution. (Doc. 17). Although Plaintiff filed a response to the Court's Order, he failed to set out facts outlining the dates of all wrongful acts for which he seeks compensation, as mandated by the Court's Order.  Further, Plaintiff did not respond to SORTA's renewed motion for a more definite statement.

For these reasons, it is **RECOMMENDED** that SORTA's motion to dismiss (Doc. 19) be **GRANTED** and Plaintiff's complaint be **DISMISSED** for failure to comply with a Court Order and for lack of prosecution.

    *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| VERNON REEVES, | Civil Action No. 1:20-cv-579 |
| Plaintiff, | Cole, J. |
| vs. | Bowman, M.J |
| METRO BUS HEADQUARTERS, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).