UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VERNON REEVES,

        Plaintiff,

                                    Case No. 1:20-cv-579
        v.                       JUDGE DOUGLAS R. COLE
                                    Magistrate Judge Bowman

METRO BUS HEADQUARTERS,

        Defendant.

## ORDER

This cause comes before the Court on the Magistrate Judge's July 30, 2021, Report and Recommendation ("R&R") (Doc. 20). The Magistrate Judge recommends the Court grant defendant Southwest Ohio Regional Transit Authority's ("SORTA") (improperly named as Metro Bus Headquarters) Motion to Dismiss (Doc. 19) and dismiss Plaintiff Vernon Reeves's Complaint for failure to comply with a Court Order and for lack of prosecution. For the reasons stated more fully below, the Court **ADOPTS** the Report and Recommendation (Doc. 20), **GRANTS** SORTA's Motion to Dismiss (Doc. 19), and **DISMISSES** Reeves's Complaint **WITHOUT PREJUDICE** for failure to comply with a Court Order and for lack of prosecution.

The R&R advised both SORTA and Reeves that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 20, #75[1]). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting

---

[1] Refers to #PageID.

§ 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the parties here needed to object by August 13, 2021. The time for filing objections has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

Reeves brings a "handicap discrimination lawsuit" alleging that a SORTA bus driver improperly instructed him to sit in the back of the bus, even though "all the handicap bus riders know the handicap people normally sit in the handicap seats in front of the bus." (Pl. Resp. to Order for a More Definite Statement ("Pl. Statement"), Doc. 18, #65). Reeves also states that the driver drove away when he protested. (*Id.* at #65–66). SORTA filed its first Motion for a More Definite Statement (Doc. 14) on

January 5, 2021. The Magistrate Judge granted the Motion (Doc. 17) and Reeves timely filed a statement in response (Doc. 18) on April 27, 2021.

On May 11, 2021, SORTA filed its renewed Motion for a More Definite Statement, or in the alternative, a Motion to Dismiss for failure to follow the Magistrate Judge's prior Order for a More Definite Statement. (Doc. 19). SORTA explained that Reeves's "allegations remain so vague and lacking in factual content that SORTA is unable to determine the grounds upon which [Reeves's] claim(s) rest or against whom the claim(s) are asserted." (*Id.* at #68).

The R&R recommended the Court grant SORTA's Motion to Dismiss, stating that Reeves's statement in response to the Magistrate Judge's prior order had failed to comply with the Order's requirements. (Doc. 20, #73). Moreover, the R&R also recommended the case be dismissed for lack of prosecution because Reeves did not respond to SORTA's renewed Motion for a More Definite Statement. (*Id.*).

The Court agrees with the R&R. Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action or any claim against it." Although Reeves responded to the Magistrate Judge's Order for a More Definite Statement, his statement failed to comply with the Order's requirements that he "clearly plead all legal causes of action," "set out facts outlining the dates of all wrongful acts," and state "the entities or individuals committing such wrongful acts." (Doc. 17). Additionally, Reeves failed to respond to SORTA's renewed Motion for a More Definite Statement (Doc. 19) and has thus failed to prosecute his case.

Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 20). The Court thus **GRANTS** SORTA's Motion to Dismiss (Doc. 19) and **DISMISSES** Reeves's Complaint **WITHOUT PREJUDICE** for failure to comply with a Court Order and for lack of prosecution.

The Court **ORDERS** the Clerk to enter final judgment in SORTA's favor and to **TERMINATE** this case on the docket.

**SO ORDERED.**

October 26, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**